UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL JACKSON,

    Plaintiff,

vs.                                   CASE NO.:

HCSG EAST, LLC, a Foreign Limited
Liability Company,

    Defendant.          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL JACKSON, by and through the undersigned attorney, sues the Defendant, HCSG EAST, LLC, a Foreign Limited Liability Company, and alleges:

1. Plaintiff, PAUL JACKSON, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff, PAUL JACKSON was an employee who worked at Defendant's property within the last three years in Polk County, Florida.

3. Plaintiff, PAUL JACKSON, worked at Defendant's health care facility located at 2020 W. Lake Parker Drive, Lakeland, Florida 33805.

4. Plaintiff, PAUL JACKSON, worked for Defendant as an hourly paid employee at an hourly rate of $19.00 per hour.

5. Plaintiff, PAUL JACKSON, worked as a Dietary Manager for Defendant.

6. At all times material to this cause of action, Plaintiff, PAUL JACKSON, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, HCSG EAST, LLC, is a Foreign Limited Liability Company that operates and conducts business in Polk County, Florida and is therefore, within the jurisdiction of this Court.

8. According to Defendant's website, HCSG EAST, LLC, proclaims that since 1976, Healthcare Services Group has delivered exceptional housekeeping/laundry and dining/nutrition services to an ever-changing healthcare industry. Defendant states the company provides professional management of ancillary services to a diverse mix of satisfied clients and that Defendant's [employees] are trained to help you achieve success by delivering innovative solutions, exceptional performance and measurable results. See www.hcsgcorp.com/about/

9. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendant, Defendant, HCSG EAST, LLC, earned more than $500,000.00 per year in gross sales.

12. Defendant, HCSG EAST, LLC, employed in excess of ten (10) employees

and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, HCSG EAST, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as food (meats, fruits, vegetables) products, utensils, laundry cleaning supplies, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, HCSG EAST, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff, PAUL JACKSON, was/is individually covered under the FLSA.

## FLSA Violations

16. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. Specifically, Defendant required Plaintiff to clock out and continue working beyond his scheduled shift.

19. Despite working beyond his scheduled shift, Plaintiff's hours were not recorded or included in his weekly hours.

20. As such, Plaintiff routinely worked beyond forty (40) hours but did not

receive compensation for all overtime hours worked.

21. Plaintiff routinely worked twelve (12) hour shifts for Defendant while being scheduled for fewer hours.

22. Plaintiff is entitled to his time and one-half rate for all hours worked in excess of forty (40) per week.

23. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above as though stated fully herein.

26. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

27. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

28. Plaintiff was required to work off the clock without receiving any additional compensation for overtime hours worked.

29. Defendant has failed provide accurate overtime compensation for numerous pay periods.

30. Defendant did not have a good faith basis for their decision not to pay

Plaintiff full overtime compensation.

31. In addition, Defendant failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

32. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PAUL JACKSON demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 30th day of October, 2020

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 236-0946
Facsimile:    (407) 867-4791
Email:         mgunter@forthepeople.com
Attorneys for Plaintiff